UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN KURTZ

VERSUS

EPIC DRIVING & MARINE SERVICES, LLC

CIVIL ACTION

NO. 12-0963

SECTION: "G"(2)

**ORDER AND REASONS**

Before the Court is Defendant Epic Diving & Marine Service, LLC's ("Defendant") Motion in Limine,[1] wherein it seeks to exclude evidence referencing and/or introducing the reports and opinions of Dr. Paul Harch, Dr. David Youngblood and/or Ricky Walker. After considering the motion, the memorandum in support, the opposition, the supplemental opposition, the record, and the applicable law, the Court will deny the motion.

**I. Background**

*A. Factual Background*

On April 16, 2012, Plaintiff Steven Kurtz ("Plaintiff") filed a seaman's complaint for damages against Defendant.[2] Plaintiff alleges that on or about June 10, 2011, Plaintiff was employed by Defendant.[3] Plaintiff claims that on June 10, 2011, he "experienced an accident which resulted in serious painful injuries to his brain and other parts of his body while employed by [Defendant]."[4] Plaintiff contends that Defendant is liable for his damages.[5]

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 1.

[3] *Id.* at ¶ 3.

[4] *Id.* at ¶ 5.

[5] *id.* at ¶ 6.

*B. Procedural Background*

After issue was joined in this matter, the Court issued a scheduling order establishing that Plaintiff was to deliver his written reports of experts no later than January 25, 2013.[6] Defendant was ordered to exchange written expert reports no later than February 25, 2013.[7] On January 28, 2013, Plaintiff filed an unopposed motion to extend the deadlines to exchange expert reports for thirty days as to each party, and to extend the deadline to file *Daubert* motions.[8] The Court extended the deadline for *Daubert* motions, requiring that they be filed so that they could be heard by April 10, 2013, but did not specifically extend the deadline in the scheduling order for the parties to exchange written expert reports.[9]

On March 11, 2013, Defendant filed the pending motion.[10] On March 18, 2013, Plaintiff filed an opposition.[11] With leave of court, Plaintiff filed a supplemental opposition on April 2, 2013.[12]

## II. Parties' Arguments

In support of the pending motion, Defendant explains that while the Court did not expressly extend the deadline to exchange written expert reports, that "consistent with the understanding of the parties, the parties exchanged written confirmation that the [Plaintiff's] expert report deadline

---

[6] Rec. Doc. 7 at p. 2-3.

[7] *Id.* at p. 3.

[8] Rec. Doc. 15.

[9] Rec. Doc. 16.

[10] Rec. Doc. 25.

[11] Rec. Doc. 28.

[12] Rec. Doc. 37.

was to be 25 February 2013 and [Defendant's] expert report deadline was to be 27 March 2013."[13] Defendant explains that Plaintiff produced the reports of several experts before their agreed-upon deadline of February 25, 2013, but that on March 6, 2013, Plaintiff's counsel forwarded Dr. Paul Harch's March 3, 2013 expert report to Defendant.[14] Further, Defendant claims that it has been informed of Plaintiff's intention to produce the expert reports of Dr. David Youngblood and Rickey Walker, which at the time of the filing of the pending motion had not been received.[15]

Defendant argues that the reports and opinions of these three individuals, and any reference thereof, should be excluded from trial because they are untimely. Plaintiff claims that pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(B), this Court has the authority to bar an expert witness from testifying where counsel has failed to comply with deadlines spelled out in the scheduling order. Further, Defendant maintains that Plaintiff has failed to show good cause for its delay, and therefore the pending motion should be granted.[16]

In opposition, Plaintiff argues that this matter involves complicated issues of "saturation diving" which has required both parties to utilize "specialized divers to provide reports on the events in this matter."[17] Plaintiff further explains that he has been working expeditiously with his experts to be ready for trial, but that "it was simply impossible for plaintiff to obtain detailed written reports from his experts by the extended expert report deadline."[18]

---

[13] Rec. Doc. 25-1 at p. 1.

[14] *Id.* at pp. 1-2.

[15] *Id.* at p. 2.

[16] *Id.* at p. 3.

[17] Rec. Doc. 28 at p. 6.

[18] *Id.*

3

However, Plaintiff claims that under applicable law, the subject matter of the penidng motion should be admissible at trial. Plaintiff cites the United States Court of Appeals for the Fifth Circuit in *Barret v. Atlantic Richfield*,[19] where the court set out the four factors to be considered when deciding whether or not to strike expert reports that were untimely exchanged:

    (1) the explanation, if any, for the party's failure to comply with the discovery order;
    (2) the prejudice to the opposing party of allowing the witnesses to testify;
    (3) the possibility of curing such prejudice by granting a continuance; and
    (4) the importance of the witnesses' testimony.

With regard to the first factor, Plaintiff contends that his failure to meet the deadline was not due to a lack of diligence. Plaintiff explains that he was initially examined by Dr. Harch in February 18, 2013, when Plaintiff was in New Orleans being examined by a physician selected by Defendant.[20] Plaintiff argues that it "simply was not feasible to have [Plaintiff] travel from Philadelphia to New Orleans for yet another lengthy trip prior to the party[-]requested examination by [Defendant's] New Orleans-based physician."[21] Plaintiff claims that Dr. Harch produced his report as quickly as possible following his examination and review of the extensive medical records.[22]

Concerning Mr. Walker, Plaintiff similarly claims that he had to review voluminous records, and therefore despite diligent efforts, the deadline was not feasible. Further, Plaintiff notes that Mr. Walker was out of the country for a period of time and his schedule "simply did not allow him to

---

[19] 95 F.3d 375 (5th Cir. 1996).

[20] Rec. Doc. 28 at p. 7.

[21] *Id.*

[22] *Id.*

4

provide his written report any earlier."[23] Concerning Dr. Youngblood, Plaintiff states that "counsel have been advised that he will provide his written report as quickly as possible and it should be exchanged prior to the hearing on this matter."[24] In Plaintiff's supplemental opposition, he informs the Court that Dr. Youngblood's report was produced to Defendant on March 22, 2013.[25]

Concerning the fourth factor, Plaintiff argues that these experts are critical to Plaintiff's case, and Plaintiff would be "severely damaged" in their absence.[26] In addressing the second factor, Plaintiff claims that Defendant will suffer no prejudice if the Court allows the introduction of Dr. Harch, Dr. Youngblood, and Mr. Walker's testimony. Plaintiff claims that Defendant "previously retained experts to address and presumably counter the opinions" of these individuals.[27] Finally, Plaintiff avers that any potential prejudice Defendant may face as a result of the untimely deliver of these expert reports could be cured by a continuance, and therefore the third factor weighs in favor of denying the pending motion.[28]

In Plaintiff's supplemental opposition, he argues that upon review of Dr. Youngblood's expert report, it is clear that his opinions are "critical" to the trial, therefore bolstering his argument under the fourth factor.[29] Further, Plaintiff contends that Defendant can no longer claim prejudice because

---

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 37.

[26] Rec. Doc. 28 at p. 8.

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 37 at p. 1.

it now has amble time to depose Dr. Youngblood and address any of his opinions prior to trial.[30] Additionally, Plaintiff highlights nine experts who have been retained by Defendant and have produced reports that cover all the relevant and contested issues in this matter, further demonstrating that it will not be prejudiced in its defense.[31]

### III. Law and Analysis

Federal Rule of Civil Procedure 16(b) authorizes federal courts to control and expedite discovery through a scheduling order.[32] "Consistent with the authority vested in the trial court by [R]ule 16, [the Fifth Circuit] gives the trial court broad discretion to preserve the integrity and purpose of the [scheduling order]."[33] Moreover, Federal Rule of Civil Procedure 37(b)(2)(A)(ii) allows district courts to impose sanctions on a "disobedient party by refusing to allow the party to introduce designated matters into evidence."[34] As noted by Plaintiff, when a district court excludes expert testimony as a sanction for a violation of a discovery order, the Fifth Circuit will consult four factors to determine if the district court's action was an abuse of discretion:

  (1) the explanation, if any, for the party's failure to comply with the discovery order;
  (2) the prejudice to the opposing party of allowing the witnesses to testify;
  (3) the possibility of curing such prejudice by granting a continuance; and
  (4) the importance of the witnesses' testimony.[35]

---

[30] *Id.* at pp. 1-2.

[31] *Id.* at p. 2.

[32] *Barrett*, 95 F.3d at 380.

[33] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

[34] *See also Barrett*, 95 F.3d at 389.

[35] *Id.*

As an initial matter, the Court notes that the language of Rule 37(b)(2)(A) permitting a court to impose the sanctions requested by Defendant is permissive, not obligatory.[36] It further notes that the manner in which Plaintiff has decided to disregard the Court's deadlines as well as the agreed upon deadlines between the parties, is troubling and admonishable. Considering the totality of the circumstances, this Court declines to impose the harsh sanctions requested by Defendant, because the Court finds that all four factors cited by the Fifth Circuit in evaluating these circumstances weigh in favor of denying the pending motion to strike these expert witnesses. As explained in Plaintiff's opposition and supplemental memoranda, despite diligent efforts, logistical and geographic obstacles prevented earlier exchange of the expert reports at issue. The prejudice, if any, that Defendant faces by the inclusion of these reports is minimal, as Defendant has been in receipt of all of Plaintiff's expert reports, except perhaps Mr. Walker's, since March 22, 2013, permitting it ample time to prepare before the May 13, 2013 trial date. Further, should Defendant need leave to amend its expert reports to address issues raised in the tardy expert reports provided by Plaintiff, the Court will allow any requested extension. Additionally, the evidence Defendant seeks to exclude appears critical for Plaintiff to prove his case and refute the opinions of Defendant's myriad experts. Finally, any further prejudice Defendant may face could be cured by a continuance of other deadlines and/or the trial date. If Defendant believes that Plaintiff's delay in exchanging these expert reports necessitates any

---

[36] Rule 37(b)(2)(A)(ii) reads:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending *may* issue further just orders. They *may* include the following:
>
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence (emphasis added).

7

sort of continuance or extension of time to amend its reports, it may file the appropriate motion and this Court will consider any such motion.

However, as alluded to above, the record and the pleadings are unclear as to whether Mr. Walker's expert report has been provided to Defendant. As such, the Court will order Plaintiff to file a statement into the record informing the Court of the status of Mr. Walker's expert report. While the Court will decline to impose sanctions excluding Mr. Walker's testimony at this time, the Court reserves the right to impose these sanctions later if further delays are unexcused and disrupt the timely resolution of this matter.

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine[37] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff is to file into the record within seven (7) days from the issuance of this order a statement regarding whether the expert report of Mr. Walker has been provided to Defendant and if any other expert reports are outstanding.

**NEW ORLEANS, LOUISIANA**, this  22nd day of April, 2013.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[37] Rec. Doc. 25.